**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000390**
**22-JUN-2012**
**10:02 AM**

NO. CAAP-11-0000390

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAMES GIANNADAKIS, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
WAHIAWĀ DIVISION
(CASE NO. 1DTA-10-01314)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Defendant-Appellant James Giannadakis (Giannadakis) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (Judgment) filed on April 7, 2011 in the District Court of the First Circuit, Wahiawā Division (District Court).[1] Giannadakis was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) §§ 291E-61(a)(1) and/or (a)(3)

---

[1] The Honorable David Lo presided.

(Supp. 2011).[2]  The District Court found Giannadakis guilty as charged.

On appeal, Giannadakis contends that the District Court erred in denying his "Motion to Dismiss [Re: Failure to Allege an Essential Fact]" (Motion to Dismiss), filed on May 6, 2010, in which he argued that the complaint was deficient for failing to allege that he committed the OVUII offense intentionally, knowingly, or recklessly.  The District Court issued its order denying the Motion to Dismiss on April 7, 2011.  Giannadakis further contends that because his Motion to Dismiss was improperly denied, the District Court erred in convicting him.

In State v. Nesmith, Nos. SCWC-10-0000072, SCWC-30438, 2012 WL 1648974 (Haw. April 12, 2012), the Hawai'i Supreme Court recently held that: (1) mens rea must be alleged in a charge asserting a violation of HRS § 291E-61(a)(1) in order to provide fair notice of the nature and cause of the accusation; and (2) mens rea need not be alleged (or proven) in a charge asserting a violation of HRS § 291E-61(a)(3), because the legislative intent to impose absolute liability for an HRS § 291E-61(a)(3) offense plainly appears.  Nesmith, 2012 WL 1648974; see also State v. Yamahata, No. SCWC-30718, 2012 WL 1571382 (Haw. May 3, 2012) (SDO); State v. Flynn, No. SCWC-10-

---

[2]  HRS § 291E-61(a)(1) and (a)(3) provides as follows:

§291E-61 Operating a vehicle under the influence of an intoxicant.  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

. . .

(3)  With .08 or more grams of alcohol per two hundred ten liters of breath[.]

0000245, 2012 WL 1560666 (Haw. May 1, 2012) (SDO); <u>State v. Daniels</u>, No. SCWC-10-0000243, 2012 WL 1560656 (Haw. April 30, 2012) (SDO); <u>State v. Shinsato</u>, No. SCWC-30720, 2012 WL 1560663 (Haw. April 30, 2012) (SDO); <u>State v. Padilla</u>, No. SCWC-30719, 2012 WL 1560660 (Haw. April 30, 2012) (SDO).

Accordingly, the HRS § 291E-61(a)(1) charge was deficient for failing to allege *mens rea*.

The District Court, however, adjudged Giannadakis guilty of violating both HRS §§ 291E-61(a)(1) and (a)(3). Subsections (a)(1) and (a)(3) can each serve as a basis for conviction under HRS § 291E-61. <u>Nesmith</u>, 2012 WL 1648974 at *14. Given that the HRS § 291E-61(a)(3) charge was sufficient, and Giannadakis does not challenge the sufficiency of the evidence as to that basis, his conviction stands.

Therefore,

IT IS HEREBY ORDERED THAT the District Court's Judgment entered on April 7, 2011 is affirmed.

DATED: Honolulu, Hawaiʻi, June 22, 2012.

On the briefs:

Timothy I. MacMaster
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge